American Bank Building,
621 SW Morrison St,
Suite 900,
Portland, OR 97205

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON – PORTLAND DIVISION

Jane Doe, Plaintiff,
v.
Sage Hospitality Group; Beavers Lessee LLC; The Nines Hotel, Defendants.

Case No. 3:25-cv-1751-SB

## COMPLAINT AND DEMAND FOR JURY TRIAL

September 5, 2025

### NATURE OF THE ACTION

Plaintiff Jane Doe brings this action under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), and Oregon's anti-discrimination statutes (ORS 659A) for racial and national-origin discrimination, disability discrimination (failure to accommodate and disparate treatment), retaliation for protected activity, and a hostile work environment. As a result of Defendants' conduct, Plaintiff suffered severe emotional distress and physical injury and experienced *loss of employment opportunity due to retaliation*.

### JURISDICTION AND VENUE

1. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 because claims arise under Title VII, 42 U.S.C. § 2000e et seq., and the ADA, 42 U.S.C. § 12101 et seq. The Court has supplemental jurisdiction over related Oregon claims under 28 U.S.C. § 1367.
2. Venue is proper in the District of Oregon under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in Multnomah County, Oregon, within the Portland Division.

### PARTIES

3. Plaintiff Jane Doe is a former employee of The Nines Hotel in Portland, Oregon. Plaintiff proceeds under a pseudonym to protect sensitive medical and immigration-related information; a motion to proceed under pseudonym is filed contemporaneously.
4. Defendant Sage Hospitality Group is an employer within the meaning of Title VII, the ADA, and ORS 659A, and managed operations at The Nines Hotel in Portland, Oregon.
5. Defendant Beavers Lessee LLC is, on information and belief, the entity associated with the operation/lease of The Nines Hotel and an employer within the meaning of Title VII, the ADA, and ORS 659A.
6. Defendant The Nines Hotel is a hotel property in Portland, Oregon, and at all relevant times acted as Plaintiff's employer or joint employer.

### ADMINISTRATIVE EXHAUSTION

7. Plaintiff timely filed a charge of discrimination and retaliation with the U.S. Equal Employment Opportunity Commission (EEOC). The EEOC issued a Right-to-Sue Notice on July 2, 2025. This action is filed within 90 days of receipt of that notice. Plaintiff will file the EEOC charge and Right-to-Sue letter under seal as Exhibit A pursuant to Fed. R. Civ. P. 5.2 and Local Rule 5-2.

## FACTUAL ALLEGATIONS

8. Plaintiff worked at The Nines Hotel in 2024–2025. During her employment, managers and supervisors subjected Plaintiff, a Black Jamaican woman, to racially charged comments and scrutiny.

9. In or around September 2024, Guest Services Director Clint Kuper stated to Plaintiff, in reference to her as a Black woman with braided hair, "I used to hate people like you," and separately made comments about her braided hairstyle, causing humiliation and distress.

10. Plaintiff disclosed her ADHD diagnosis and requested reasonable schedule-related accommodations for fatigue and sensory issues. Management acknowledged but failed to implement meaningful accommodations in practice, while continuing punitive coaching and abrupt schedule changes.

11. After Plaintiff made protected complaints to HR regarding discrimination and harassment, Defendants escalated adverse actions, including eviction from staff housing. Management asserted "102% occupancy" as a pretext; records indicated approximately 72% occupancy on or about July 1.

12. Plaintiff was also reported to her visa sponsor for attendance issues following protected activity and approved bereavement leave, damaging her immigration status and employment prospects.

13. The cumulative environment was intimidating, hostile, and abusive. Plaintiff experienced panic attacks, heart palpitations, severe gastrointestinal symptoms, severe scalp inflammation and skin lesions, significant weight loss (from approximately 118 lbs to as low as 92.2 lbs), and ongoing underweight status (~103 lbs).

14. Plaintiff's treating providers—two licensed therapists, a psychiatrist (who increased heart/anxiety medications), and a primary care physician—corroborate that Plaintiff's symptoms are consistent with trauma and workplace harassment. Laboratory results demonstrated inflammatory markers (including elevated eosinophils/monocytes).

15. As retaliation progressed, Plaintiff's employment prospects at The Nines/Hospitality network diminished. At or near the conclusion of the contract term, Defendants failed to consider or offer continued employment opportunities that would have been available absent retaliation, resulting in *loss of employment opportunity due to retaliation*.

16. Plaintiff suffered economic losses (lost wages/benefits/housing), medical and therapy expenses (past and future), and significant emotional and physical distress.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

*Title VII – Racial/National-Origin Discrimination and Harassment (42 U.S.C. § 2000e-2)*

17. Plaintiff is a member of protected classes (race and national origin). Defendants, through supervisors and agents, subjected Plaintiff to unwelcome and offensive conduct because of her race and national origin, including racially charged remarks and hair-based comments tied to race and culture, and disparate discipline and scrutiny. This conduct was sufficiently severe or pervasive to create a hostile work environment and alter the terms and conditions of employment. Defendants are liable.

### SECOND CLAIM FOR RELIEF

*ADA – Disability Discrimination/Failure to Accommodate (42 U.S.C. § 12112)*

18. Plaintiff is an individual with a disability (ADHD) and/or was regarded as such. Plaintiff informed Defendants of the disability-related limitations and requested reasonable accommodations (including predictable scheduling and reduced sensory overload). Defendants failed to provide reasonable

accommodations and instead continued punitive coaching and schedule instability, in violation of the ADA.

### THIRD CLAIM FOR RELIEF
*Retaliation – Title VII and ADA (42 U.S.C. § 2000e-3; 42 U.S.C. § 12203)*
19. Plaintiff engaged in protected activity by reporting discrimination and requesting ADA accommodations. Defendants took materially adverse actions (including eviction from staff housing, negative reports to a visa sponsor, increased discipline, and withholding of continued employment opportunities), which would dissuade a reasonable worker from complaining. Causation is established by temporal proximity and pretextual justifications.

### FOURTH CLAIM FOR RELIEF
*Hostile Work Environment – Title VII*
20. The cumulative effect of racially charged statements, hair-based discrimination, denial of accommodations, and retaliatory actions created a hostile work environment that was severe and pervasive. Defendants knew or should have known of the harassment and failed to take prompt remedial action.

### FIFTH CLAIM FOR RELIEF
*Oregon Law – ORS 659A.030 (Discrimination/Retaliation) and ORS 659A.112 (Disability)*
21. Defendants' conduct independently violates ORS 659A.030 (discrimination and retaliation) and ORS 659A.112 (failure to accommodate disability). Plaintiff seeks all relief available under Oregon law, including compensatory damages, attorney fees (where applicable), and injunctive relief.

### SIXTH CLAIM FOR RELIEF
*Loss of Employment Opportunity Due to Retaliation*
22. As a direct and proximate result of Defendants' retaliatory conduct, Plaintiff lost continued employment opportunities and career advancement she otherwise would have had. Plaintiff seeks back pay, front pay, and make-whole relief.

### PRAYER FOR RELIEF
A. Compensatory damages for emotional distress and physical injury;
B. Economic damages including back pay, lost benefits, and front pay;
C. Punitive damages under Title VII and as allowed by law;
D. Injunctive relief requiring policy changes, training, and non-retaliation;
E. Reasonable attorney's fees and costs where authorized (42 U.S.C. § 2000e-5(k); 42 U.S.C. § 12205) and costs for pro se litigant as permitted;
F. Pre- and post-judgment interest; and
G. Any other and further relief the Court deems just and proper.

### DEMAND FOR JURY TRIAL
Plaintiff demands a trial by jury on all issues so triable.

Dated: September 5, 2025

Respectfully submitted,
Jane Doe, Plaintiff (pro se)

Contact information to be provided to the Court under seal and to Defendants pursuant to any protective order or court directive.

*[signature]*

September 26, 2025

DEFENDANT INFORMATION APPENDIX

(Relates to Complaint filed on September 26, 2025)

Defendant 1

- Name: THE NINES, A LUXURY COLLECTION HOTEL, PORTLAND
- Job/Title (if known): Employer
- Street Address: 525 SW Morrison St
- City/County, State, ZIP: Portland, Oregon, 97204
- Telephone: (503) 222-9996
- Email (if known): Dragan.Andrejic@thenines.com, lori.cromley@sagehospitalitygroup.com

Defendant 2

- Name: Sage Hospitality Group
- Job/Title (if known): Owner of The Nines Hotel
- Street Address: 1809 Blake St., Ste. 200
- City/County, State, ZIP: Denver, CO, 80202
- Telephone: 303-595-7200
- Email (if known): info@sagehospitalitygroup.com

Defendant 3

- Name: Beavers Lessee LLC
- Job/Title (if known): Incorporating entity that operates The Nines
- Street Address: 525 SW Morrison St
- City/County, State, ZIP: Portland, Oregon, 97204
- Telephone: 503-222-2111
- Email (if known): Dragan.Andrejic@thenines.com, lori.cromley@sagehospitalitygroup.com

*[Signature]* September 26, 2025